```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Civil No. 09-2269(DSD/AJB)
```

Life Insurance Company
of North America,

       Plaintiff,

v.                                                 **ORDER**

Deborah A. Sessing and
Dawn S. Roman,

       Defendants.

    Michael T. Berger, Esq., Peter L. Crema, Jr., Esq. and Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 200, Minneapolis, MN 55402, counsel for plaintiff.

    Beau D. McGraw, Esq. and McGraw Law Firm, 600 Inwood Avenue North, Suite 200, Oakdale, MN 55128 and Marc G. Kurzman, Esq. and Kurzman Grant Law Office, 219 Main Street S.E., Suite 403, Minneapolis, MN 55414, counsel for defendants.

This matter is before the court upon the motion of plaintiff Life Insurance Company of North America ("LINA") for leave to deposit funds with the court and for discharge from liability and the motion of defendant, cross-claimant and counterclaimant Dawn S. Roman ("Roman") for summary judgment. Based on the record, file and proceedings herein, and for the following reasons, the court grants LINA's motion and denies Roman's motion.

**BACKGROUND**

In this interpleader action, defendants Roman and Deborah A. Sessing ("Sessing") assert competing claims to the proceeds of a

life insurance policy owned by decedent Samuel Garrison ("Garrison"). Garrison purchased life insurance from LINA through his employer under Group Policy Number FLX-962053 (the "Policy"). The Policy provides that "Death Benefits will be paid to the Insured's named beneficiary, if any, on file at the time of payment." (Kurzman Aff. [Doc. No. 23-1] Ex. A at LINA 83.) The policy further states: "The Insured may change the beneficiary at any time by giving written notice to the Employer or the Insurance Company .... No change in beneficiary will take effect until the form is received by the Employer or the Insurance Company." (Id.) On November 22, 2005, Garrison named Sessing, whom he called his "life partner," as his beneficiary. (See McGraw Decl. Ex. A.) Later, the relationship between Sessing and Garrison ended, and he became engaged to Roman. (Def.'s Mem. Supp. 1-2.) Neither LINA nor Garrison's employer received a change-of-beneficiary form from Garrison. Garrison died on May 15, 2009.

Sessing and Roman each claim that she is the intended beneficiary of the Policy. Sessing argues that she is entitled to the Policy proceeds because she was the named beneficiary on file at the time of Garrison's death. (Def.'s Mem. Opp'n [Doc. No. 31] 1; Kurzman Aff. Ex. A at LINA 4-5, LINA 7.) Roman argues that she is the proper beneficiary of the Policy because she and Garrison paid the Policy premiums from a joint checking account and Garrison

2

executed a letter dated November 1, 2008, indicating his intent to benefit her. (See Def.'s Mem. Supp. 2.) The letter states:

> November 1st, 2008
>
> As of this date and every day going forward all of my assets (MERF and International pensions, IRA through International and life insurance through Met Life) and any other liquid assets should be paid 100% to my primary beneficiary, Dawn S. Roman.
>
> If Dawn S. Roman should pre-decease me I would like my assets to be paid to Kevin L Blaido and he will distribute my assets as requested by Sam or Dawn.
>
> My wishes are to be cremated and no service.

(Kurzman Aff. [Doc. No. 23-1] Ex. A at p.1.) Garrison appears to have signed the document on October 31, 2008. (Id.) The document is also signed by two witnesses on October 30 and 31, 2008, respectively. A notary public signed, but did not date, the document. (Id.) After receiving competing claims from Sessing and Roman, LINA brought this interpleader action on August 27, 2009. The court now considers LINA's motion to deposit funds and for discharge from liability and Roman's motion for summary judgment against Sessing and LINA.

## DISCUSSION

### I. Motion to Deposit Funds and for Discharge from Liability

The parties agree that LINA's interpleader action is properly before the court and that LINA may deposit the stake with the

court. Therefore, the court grants LINA's motion as to deposit of the stake. Roman argues, however, that LINA must pay interest from the time of Garrison's death until LINA deposits funds with the court and that the court should deny as unreasonable LINA's request for attorney's fees and costs.

**A. Interest**

Roman first claims that LINA must pay interest on the stake because it unreasonably delayed deposit with the court. The court applies equitable principles to interpleader actions. See Great Am. Ins. Co. v. Bank of Bellevue, 366 F.2d 289, 293 (8th Cir. 1966). "[I]nterest is awarded in interpleader actions only if the stakeholder unreasonably delays depositing the fund with the court," thus retaining the stake for its benefit and being unjustly enriched. Bauer v. Uniroyal Tire Co., 630 F.2d 1287, 1290 (8th Cir. 1980). If the court finds a delay unreasonable, "interest is awarded from the date the indebtedness was due to the date the deposit was made." Id. at 1291-92 (citations omitted).

Roman argues that LINA should have deposited the stake when it learned that competing claims might exist in June 2009. LINA argues that Roman's counterclaim for costs and attorney's fees precluded LINA's discharge from the case, and prevented it from moving the court for deposit of the stake. The court finds that the time between Garrison's death and LINA's commencement of this interpleader action on August 27, 2009, was reasonable. This

4

interval allowed LINA to review the policy and claims by Roman and Sessing. As to the period after August 27, 2009, however, the court finds that LINA's delay in seeking to deposit funds, although in good faith, was unreasonable. Once it began this action, nothing prevented LINA from seeking to deposit the stake with the court. Therefore, the court determines that equity demands LINA to pay interest on the stake from August 27, 2009, until the stake is deposited with the Clerk of Court.

In Minnesota, "insurer[s] shall pay interest [on unpaid benefits] at a rate not less than the then current rate of interest on death proceeds left on deposit with the insurer, computed from the insured's death until the date of payment." Minn. Stat. § 61A.011 subdiv. 1. According to LINA, as of May 13, 2010, the interest rate is 0.22 percent. Therefore, the court determines that LINA's deposit shall include $293.90 in interest for the period from August 27, 2009, until May 19, 2010, plus an additional $1.11 in interest for each day after May 19, 2010, until it deposits the stake.

### B. Attorney's Fees and Costs

LINA seeks attorney's fees and costs for its interpleader action in the amount of $6,627.64. (See Berger Aff. ¶ 2; Crema Aff. ¶ 2.) Where, as here, a disinterested stakeholder brings an action in interpleader, it should not ordinarily bear the expenses and attorney's fees it incurs. See Hunter v. Fed. Life Ins. Co.,

111 F.2d 551, 557 (8th Cir. 1940). An interpleader action should be a "simple, speedy, efficient and economical remedy" and the amount allowed for such fees should be modest to avoid "seriously depleting" the stake. Id. The court finds that the fees and costs requested are reasonable and do not risk depleting the stake. Therefore, the court grants LINA's motion as to attorney's fees and costs.

**II. Sessing's Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.

See Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support each essential element of her claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**A.   Cross-Claim Against Sessing**

Roman first seeks summary judgment on her cross-claim against Sessing, in which she claims that she is Garrison's beneficiary. Minnesota applies a two-part test to determine whether there has been an effective change of beneficiary: "(1) whether the insured intended to change the beneficiary and (2) whether he took affirmative action or otherwise did substantially all that he could do to demonstrate that intention without regard to whether he complied with the change-of-beneficiary provisions in the policy." Gwin v. Gappa, 394 N.W.2d 530, 534 (Minn. Ct. App. 1986).  Although delivery of a change-of-beneficiary form is not required in Minnesota, failure to deliver the form may raise questions about the insured's intent.  Id.  Roman argues that the November 1, 2008, letter and carbon copies of checks used to pay Policy premiums from the couple's joint checking account show that Garrison made her his beneficiary.  Sessing argues that she remains the named beneficiary on the policy because Garrison never notified his employer or LINA of a new beneficiary.

Only one fact is undisputed in this case: Garrison did not deliver a change-of-beneficiary form to LINA. It appears that he also did not deliver the November 1, 2008, letter to LINA or his former employer. (See McGraw Decl. Ex. D.) Material facts remain in dispute about the letter. Its authenticity has not been established, and its reference to "life insurance through Met Life" rather than LINA renders it ambiguous. Given the numerous facts in dispute, the court cannot determine as a matter of law whether Garrison changed his beneficiary. Based on the present record, a jury could find in favor of either party. Therefore, the court denies Roman's motion as to her cross-claim.

**B.   Counterclaim Against LINA**

Roman also seeks attorney's fees and costs from LINA. Roman has not, however, articulated a legal or factual basis for her claim. Previously, Roman asserted that Garrison submitted a change-of-beneficiary form. (See Answer [Doc. No. 7] 4 at ¶ 6; Def.'s Mem. Supp. [Doc. No. 22] 2.) Roman's counsel corrected her assertion at oral argument to reflect that Roman sent the November 1, 2008, letter to LINA following Garrison's death. The court has already determined that the letter is ambiguous, and it does not support an award of costs and fees against LINA. Therefore, Roman's claim is without merit, and the court denies her motion as to her counterclaim.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. LINA's motion to deposit funds and for discharge [Doc. No. 15] is granted;

   A. LINA shall deposit the stake of $184,000 plus $293.90 in interest[1] with the Clerk the Court;

   B. Upon deposit of the stake and interest, LINA shall be discharged from any and all liability in this cause and from any and all liability arising out of policy number FLX-962053 relative to the death benefits for decedent Samuel Garrison;

   C. That all parties hereto and parties in privity with or claiming they are such parties are permanently enjoined pursuant to 28 U.S.C. § 2361 from making demand or instituting and prosecuting any other proceeding against LINA in any court, for the recovery of all or any part of the proceeds of policy number FLX-962053 relative to the death benefits for decedent Samuel Garrison;

   D. LINA is awarded its fees and costs for this action, in the amount of $6,627.64, which shall be paid from the stake; and

---

[1] Interest calculated as of May 19, 2010. Interest accrues at a rate of $1.11 per day thereafter until the date that LINA deposits the stake.

2. Roman's motion for summary judgment [Doc. No. 20] is denied.

Dated: May 19, 2010

s/David S. Doty  
David S. Doty, Judge  
United States District Court